**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> CHESTERFIELD VALLEY ) <br> INVESTORS, LLC d/b/a GATEWAY ) <br> CLASSIC CARS, ) <br> ) <br> *Defendant.* ) | Case No. 3:24-cv-02257 |

**DEFENDANT'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW Chesterfield Valley Investors, LLC d/b/a Gateway Classic Cars ("Gateway" or "Defendant"), by and through undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint"), states as follows:

**NATURE OF THE ACTION**

1. Paragraph 1 of Plaintiff's Complaint consists of a legal conclusion to which no response is required. To the extent a response is required, Gateway denies the allegations contained in Paragraph 1. To the extent Plaintiff attempts to assert a cause of action against Gateway, Gateway denies it committed any violation of law and further denies that Plaintiff is entitled to any relief.

**JURISDICTION AND VENUE**

2. Paragraph 2 of Plaintiff's Complaint consists of a legal conclusion to which no response is required. To the extent a response is required, Gateway denies the allegations contained in Paragraph 2. To the extent Plaintiff attempts to assert a cause of action against Gateway,

1

Gateway denies it committed any violation of law and further denies that Plaintiff is entitled to any relief.

3. Paragraph 3 of Plaintiff's Complaint consists of a legal conclusion to which no response is required. To the extent a response is required, Gateway denies the allegations contained in Paragraph 3. To the extent Plaintiff attempts to assert a cause of action against Gateway, Gateway denies it committed any violation of law and further denies that Plaintiff is entitled to any relief.

## PARTIES

4. Paragraph 4 of Plaintiff's Complaint consists of a legal conclusion to which no response is required. To the extent a response is required, Gateway denies the allegations contained in Paragraph 4. To the extent Plaintiff attempts to assert a cause of action against Gateway, Gateway denies it committed any violation of law and further denies that Plaintiff is entitled to any relief.

5. Gateway admits that Chesterfield Valley Investors, LLC, is doing business as Gateway Classic Cars. Except as expressly admitted herein, Gateway denies the remaining allegations contained in Paragraph 5.

6. Paragraph 6 of Plaintiff's Complaint consists of a legal conclusion to which no response is required. To the extent a response is required, Gateway denies the allegations contained in Paragraph 6. To the extent Plaintiff attempts to assert a cause of action against Gateway, Gateway denies it committed any violation of law and further denies that Plaintiff is entitled to any relief.

## ADMINISTRATIVE PROCEDURES

7. Gateway lacks sufficient information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint and, therefore, denies same.

8. Gateway admits that on or around November 13, 2023, the Commission issued a Letter of Determination to Gateway. Except as expressly admitted herein, Gateway denies the remaining allegations contained in Paragraph 8.

9. Gateway admits it engaged in communications with the Commission. Except as expressly admitted herein, Gateway denies the remaining allegations in Paragraph 9.

10. Gateway admits it did not reach a conciliation agreement with the Commission. Except as expressly admitted herein, Gateway denies the remaining allegations in Paragraph 10.

11. Upon information and belief, Gateway admits the allegations contained in Paragraph 11.

12. Paragraph 12 of Plaintiff's Complaint consists of a legal conclusion to which no response is required. To the extent a response is required, Gateway denies the allegations contained in Paragraph 12. To the extent Plaintiff attempts to assert a cause of action against Gateway, Gateway denies it committed any violation of law and further denies that Plaintiff is entitled to any relief.

## STATEMENT OF CLAIMS

13. Paragraph 13, excluding subparts a. through jj., of Plaintiff's Complaint consists of a legal conclusion to which no response is required. To the extent a response is required, Gateway denies the allegations contained in Paragraph 13, excluding subparts a. through jj. To the extent Plaintiff attempts to assert a cause of action against Gateway, Gateway denies it committed any violation of law and further denies that Plaintiff is entitled to any relief.

      a.      Gateway admits Doe was previously employed with Defendant. Except as expressly admitted here, Gateway denies the remaining allegations contained in Paragraph 13(a).

      b.      Gateway admits Doe was previously employed with Defendant. Except as expressly admitted here, Gateway denies the remaining allegations contained in Paragraph 13(b).

      c.      Gateway admits Doe was previously employed with Defendant. Except as expressly admitted here, Gateway denies the remaining allegations contained in Paragraph 13(c).

      d.      Gateway admits its CFO/COO worked out of O'Fallon, Illinois. Except as expressly admitted here, Gateway denies the remaining allegations contained in Paragraph 13(d).

      e.      Gateway denies the allegations of Paragraph 13(e) of Plaintiff's Complaint.

      f.      Gateway denies the allegations of Paragraph 13(f) of Plaintiff's Complaint.

      g.      Gateway denies the allegations of Paragraph 13(g) of Plaintiff's Complaint.

      h.      Gateway denies the allegations of Paragraph 13(h) of Plaintiff's Complaint.

      i.      Gateway denies the allegations of Paragraph 13(i) of Plaintiff's Complaint.

      j.      Gateway denies the allegations of Paragraph 13(j).

      k.      Gateway lacks sufficient information to admit or deny the allegations contained in Paragraph 13(k) of Plaintiff's Complaint and, therefore, denies same.

      l.      Gateway denies the allegations of Paragraph 13(l) of Plaintiff's Complaint.

      m.      Gateway denies the allegations of Paragraph 13(m) of Plaintiff's Complaint.

      n.      Gateway lacks sufficient information to admit or deny the allegations contained in Paragraph 13(n) of Plaintiff's Complaint and, therefore, denies same.

      o.      Gateway denies the allegations of Paragraph 13(o) of Plaintiff's Complaint.

      p.      Gateway denies the allegations of Paragraph 13(p) of Plaintiff's Complaint.

      q.      Gateway denies the allegations of Paragraph 13(q) of Plaintiff's Complaint.

      r.        Gateway denies the allegations of Paragraph 13(r) of Plaintiff's Complaint.

      s.        Gateway denies the allegations of Paragraph 13(s) of Plaintiff's Complaint.

      t.        Gateway denies the allegations of Paragraph 13(t) of Plaintiff's Complaint.

      u.        Gateway denies the allegations of Paragraph 13(u) of Plaintiff's Complaint.

      v.        Gateway denies the allegations of Paragraph 13(v) of Plaintiff's Complaint.

      w.       Gateway denies the allegations of Paragraph 13(w) of Plaintiff's Complaint.

      x.        Paragraph 13(x) of Plaintiff's Complaint consists of a legal conclusion to which no response is required. To the extent a response is required, Gateway denies the allegations contained in Paragraph 13(x). To the extent Plaintiff attempts to assert a cause of action against Gateway, Gateway denies it committed any violation of law and further denies that Plaintiff is entitled to any relief.

      y.        Gateway admits the allegations contained in Paragraph 13(y).

      z.        Gateway admits that Gateway's owner outranked Gateway's CFO/COO. Except as expressly admitted herein, Gateway denies the remaining allegations contained in Paragraph 13(z).

      aa.      Paragraph 13(aa) of Plaintiff's Complaint consists of a legal conclusion to which no response is required. To the extent a response is required, Gateway denies the allegations contained in Paragraph 13(aa). To the extent Plaintiff attempts to assert a cause of action against Gateway, Gateway denies it committed any violation of law and further denies that Plaintiff is entitled to any relief.

      bb.      Gateway denies the allegations of Paragraph 13(bb) of Plaintiff's Complaint.

      cc.      Paragraph 13(cc) of Plaintiff's Complaint consists of a legal conclusion to which no response is required. To the extent a response is required, Gateway denies the allegations contained in Paragraph 13(cc). To the extent Plaintiff attempts to assert a cause of action against

Gateway, Gateway denies it committed any violation of law and further denies that Plaintiff is entitled to any relief.

dd. Gateway admits the allegations of Paragraph 13(dd) of Plaintiff's Complaint.

ee. Gateway admits that Doe reported to and was managed by an employee of Gateway. Except as expressly admitted herein, Gateway denies the remaining allegations contained in Paragraph (ee).

ff. Gateway lacks sufficient information to admit or deny the allegations contained in Paragraph 13(ff) of Plaintiff's Complaint and, therefore, denies same.

gg. Gateway admits that Doe did not complain to her manager or Gateway's human resources manager. Gateway lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 13(gg) of Plaintiff's Complaint and, therefore, denies same.

hh. Gateway denies the allegations of Paragraph 13(hh) of Plaintiff's Complaint.

ii. Gateway denies the allegations of Paragraph 13(ii) of Plaintiff's Complaint.

jj. Upon information and belief, Gateway admits Doe filed her charge of discrimination with the Commission on June 30, 2021. Except as expressly admitted herein, Gateway denies the remaining allegations contained in Paragraph 13(jj).

14. Paragraph 14 of Plaintiff's Complaint consists of a legal conclusion to which no response is required. To the extent a response is required, Gateway denies the allegations contained in Paragraph 14. To the extent Plaintiff attempts to assert a cause of action against Gateway, Gateway denies it committed any violation of law and further denies that Plaintiff is entitled to any relief.

15. Paragraph 15 of Plaintiff's Complaint consists of a legal conclusion to which no response is required. To the extent a response is required, Gateway denies the allegations contained

in Paragraph 15. To the extent Plaintiff attempts to assert a cause of action against Gateway, Gateway denies it committed any violation of law and further denies that Plaintiff is entitled to any relief.

In response to the "WHEREFORE" clause following Paragraph 15 of Plaintiff's Complaint, Defendant denies all allegations included therein, including sub-paragraphs (A) through (G), and denies that Plaintiff is entitled to the relief described therein or any other relief.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering and without prejudice to the denials contained in its Answer to Plaintiff's Complaint, Defendant Gateway states as follows for its Affirmative Defenses:

1. Gateway denies each and every fact and/or conclusion of law not expressly and specifically admitted herein.

2. Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted against Defendant.

3. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted, as Plaintiff has failed to plead facts supporting its conclusory allegations that Defendant engaged in unlawful employment practices.

4. Plaintiff's Complaint fails to state a claim upon which relief can be granted, with respect to any claims of discrimination or retaliation not asserted in a timely and valid Charge filed with the EOOC. Defendant further avers that Plaintiff is *estopped* and barred from alleging in this action matters which were not properly alleged or within the scope of charges timely filed with the EEOC.

5. Defendant avers that Plaintiff and Doe have failed to file a timely Charge with respect to acts alleged to have occurred more than 300 days from the filing of a Charge with the EEOC, and, therefore, the Court lacks jurisdiction of the subject matter of such alleged acts.

6. Defendant avers that this action and the remedies sought are barred by the failure of Plaintiff to comply with all condition's precedent to the commencement of this action.

7. Defendant avers that some or all of Plaintiff's claims are barred by Plaintiff or Doe's failure to exhaust administrative remedies.

8. Defendant avers that Plaintiff and Doe unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant, or to avoid harm otherwise.

9. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

10. With regard to some or all of the matters alleged in each purported cause of action in Plaintiff's Complaint, Plaintiff or Doe are guilty of unclean hands.

11. Plaintiff's claims are barred by the doctrines of waiver, laches, estoppel, and unclean hands.

12. Defendant avers that it exercised reasonable care to prevent and correct promptly any alleged unlawful behavior.

13. Defendant cannot be held liable for the actions of its employees which it neither authorized nor ratified.

14. Gateway acted in good faith and had reasonable grounds for belief that it acted properly with respect to employment practices and its investigation of the allegations set forth herein, and had no reason to believe that its conduct was in violation of Title VII or any other obligations under federal or state law.

15. Defendant asserts that any personnel decisions or action by Defendant affecting Doe were taken for legitimate, non-discriminatory reasons and in good faith and were not based on any allegations of hostile work environment.

16. In the event that any of the allegations of unlawful conduct contained in the Complaint are found to have merit, Doe participated in and contributed to the conduct complained of.

17. Defendant avers that Doe has failed to mitigate damages, if any. To that extent, Plaintiff and Doe may not recover from Defendant.

18. Plaintiff's claim of hostile work environment fails to the extent that the underlying complainant, Doe, failed to report any alleged unlawful act or serious misconduct to the extent that she did not make a report to either her manager or the Human Resources manager.

19. Any damages suffered by Plaintiff or Doe were not caused by any action, conduct, or behavior or incidents for which Defendant is or could be liable.

20. Plaintiff's claims and/or damages may be limited by the after acquired evidence doctrine.

21. Gateway further asserts the Faragher/Ellerth defense. To the extent that even if its CFO/COO created a hostile work environment for Doe, Gateway did not take adverse action against Doe, Gateway reasonably attempted to prevent and correct any alleged behavior, Gateway promptly investigated the allegations upon learning of them and terminated its CFO/COO, and Doe unreasonably failed to take advantage of any preventive or corrective opportunities offered by Gateway.

22. Plaintiff is judicially estopped from pursuing monetary relief from this action for Doe. Following Doe's filing of her employment dispute with Plaintiff, Doe filed a Chapter 7

Voluntary Petition with the U.S. Bankruptcy Court for the Southern District of Indiana, whereby Doe intentionally failed to disclose her ongoing employment dispute. Doe is judicially estopped from asserting contrary positions in her bankruptcy proceeding and her employment dispute. On or around September 13, 2023, Doe received a Discharge Order from the Court. Doe received monetary relief through discharge in Bankruptcy Court and cannot double dip and receive monetary relief here.

23. Plaintiff has failed to state a claim for punitive damages in that Plaintiff has failed to allege any facts supporting its conclusory allegations that Doe is entitled to punitive damages. Neither Doe nor Plaintiff are entitled to recover punitive damages because Gateway's actions and conduct were not intentional, malicious, egregious, in bad faith, or done with reckless indifference to Doe's protected rights.

24. Plaintiff's claims for punitive damages are barred by the prohibition against excessive damages contained in the Eighth Amendment of the United States Constitution and by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

25. Defendant provides notice to the Court and all parties that, in the event of an adverse decision against it, Defendant intends to invoke the benefits of and call upon the Court to impose the limitations set forth in 42 U.S.C. § 1981a (b)(3).

26. Defendant requests a bifurcated trial with respect to Plaintiff's prayer and allegations for the award of punitive damages.

27. Defendant is entitled to court costs and reasonable attorneys' fees (including expert fees) because Plaintiff's case is frivolous, unreasonable, or without foundation.

28. Defendant reserves the right to add additional affirmative defenses as information becomes available to it, which could form the basis for such defenses.

29. Defendant hereby gives notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery, and thus, Defendant reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Affirmative Defenses.

## **RESERVATION OF RIGHTS**

Defendant hereby gives notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery, and thus, Defendant reserves the right to amend its Answer and serve such defenses and otherwise supplement the foregoing Affirmative Defenses.

WHEREFORE, having fully answered the allegations contained in Plaintiff's Complaint, Defendant Gateway prays this Court dismiss Plaintiff's Complaint with prejudice, and for any other relief this Court deems just and proper.

        Respectfully submitted,

        **BLITZ, BARDGETT & DEUTSCH, L.C.**

        By: */s/ Heidi L. Eckert*
              Heidi L. Eckert, #6271612
              Mark R. Sanders, #46007
              120 S. Central Avenue, Ste. 1500
              St. Louis, MO 63105
              Phone:  314-863-1500
              heckert@bbdlc.com

              *Attorneys for Chesterfield Valley Investors, LLC d/b/a Gateway Classic Cars*

## **CERTIFICATE OF SERVICE**

       I hereby certify that I have on October 28, 2024, served a true and correct copy of the foregoing via the Court's electronic filing system upon the following counsel of record:

**Brandon Alan Skates**
Equal Employment Opportunity Commission
United States Equal Employment Opportunity Commission
US EEOC - Indianapolis District Office
115 W. Washington Street
Suite 600
Indianapolis, IN 46204
463-999-1138
Email: brandon.skates@eeoc.gov

**Jonathan Paul Bryant**
Equal Employment Opportunity Commission
Indianapolis District Office
115 West Washington Street
South Tower Suite 600
Indianapolis, IN 46204
463-999-1154
Email: jonathan.bryant@eeoc.gov

                                                      */s/ Heidi L. Eckert*